UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARIEON D. FORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:22-CV-0563 PLC |
| | ) |
| HEATHER COFER,[1] | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Arieon Ford's *pro se* petition for writ of habeas corpus seeking relief from a Missouri state court judgment entered after guilty pleas. See 28 U.S.C. § 2254. [ECF No. 1] Respondent Heather Cofer filed a response to the petition, along with exhibits consisting of copies of the materials from the underlying state court proceedings, and Petitioner filed a reply. [ECF Nos. 15, 20-23] For the reasons set forth below, the Court denies the petition for writ of habeas corpus.

**I.   Background**

Petitioner is currently an inmate at Potosi Correctional Center in Mineral Point, Missouri. The State charged Petitioner with four counts each of first-degree assault (Counts 1, 3, 5 & 7) and armed criminal action (Counts 2, 4, 6 & 8). [ECF Nos. 15-1, 15-2] The charges arose from events occurring on January 26, 2015, when Petitioner fired ten shots at multiple persons at a Chuck E. Cheese, hitting one victim at least three times. [ECF No. 20 & 21] The State charged Petitioner as follows: (1) Count 1, the Class A felony of assault in the first-degree, for knowingly causing

---

[1] The Court substitutes as the Respondent Heather Cofer, the Warden of the Potosi Correctional Center where Petitioner is presently incarcerated, in lieu of the person who was the warden when Petitioner filed this habeas proceeding.  See Federal Rule of Civil Procedure 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

1

serious physical injury to A.P., Sr. by shooting him; (2) Counts 3, 5, and 7, the Class B felonies of assault in the first-degree, for shooting at A.P., Jr. (Count 3), T.R. (Count 5), and E.W (Count 7); and (3) Counts 2, 4, 6, and 8 for armed criminal action. [ECF No. 20 & 21]

    A.  <u>Plea court proceedings</u>

Petitioner pleaded guilty to all counts in the Circuit Court of St. Charles County, without a plea agreement with the State. [ECF Nos. 15-1, 20]  At the beginning of the plea hearing, the court placed Petitioner under oath. [ECF No. 20]  Upon questioning by the court, Petitioner stated he had adequate time to consult with his attorney about his decision and that he desired to plead guilty instead of proceeding with a jury trial. [ECF No. 20 at 3] The court advised Petitioner of his trial rights, including the right to a jury trial, and that he was giving up those rights by pleading guilty. [ECF No. 20 at 3-5] Petitioner stated he understood his rights and that he was waiving his trial rights by pleading guilty. [ECF No. 20 at 7, 18] The court specifically inquired whether Petitioner understood that he did "not have to plead guilty to the charges and [he has] a right to a speedy and public trial to the charges," and Petitioner responded affirmatively. [ECF No. 20 at 13-14]

Petitioner stated he had sufficient time to discuss the charges with his attorney, that he knew of and understood the charges brought against him, that he was satisfied with his attorney's services, and that his decision to plead guilty was his own. [ECF No. 20 at 7, 10-11, 12] The court inquired whether Petitioner understood that the State filed a second substituted information in lieu of indictment that removed mention of Petitioner's prior offenses, which benefited Petitioner, but that the State was not recommending a sentence. [ECF No. 20 at 3] Petitioner answered, "Yes, ma'am." [ECF No. 20 at 3]

The court advised Petitioner that his sentences could run concurrent or consecutively, and Petitioner responded that he understood. [ECF No. 20 at 7] The court again asked Petitioner "do you understand that in this case there is no agreement between your attorney and the prosecuting

2

attorney as to the sentence that you will receive, and that the Court determines your sentence from the options that fall within the range of punishment?" [ECF No. 20 at 20] Petitioner answered, "Yes, ma'am." [ECF No. 20 at 20]

The court requested that the State "review for the defendant the nature and elements of the charges brought against him, the range of punishment[,] and the recommendation of the State." [ECF No. 20 at 20-21] The prosecutor responded that Petitioner was "entering a plea of guilty to" the eight counts in the information. [ECF No. 20 at 21-23] The State then set forth each of the eight counts and the factual allegations supporting each count. [ECF No. 20 at 21-23] The State also detailed the range of punishment for each offense, stating the range of punishment included: ten to thirty years or life in prison on Count 1; five to fifteen years on Counts 3 and 5; five to seven years on Count 7;[2] and a minimum of three years and no maximum on Counts 2, 4, 6, and 8. [ECF No. 20 at 23-24]

The prosecutor stated the State was "reserv[ing] the right to recommend any sentence it feels is appropriate up to and including the maximum[,]" that defense counsel could recommend any sentence he wished "to argue for," and that "it would be entirely up to the judge to decide" Petitioner's sentence. [ECF No. 20 at 24-25] The State reiterated it had "made no plea offer" and had only removed references to Petitioner's prior offenses from the charges. [ECF No. 20 at 24-25] Petitioner stated he understood the nature and elements of the offenses, and the range of punishment for the offenses. [ECF No. 20 at 25] Petitioner denied being threatened, coerced, or promised anything to plead guilty to the offenses. [ECF No. 20 at 25-26]

---

[2] The State misadvised Petitioner on the sentencing range on Count 7. The range of punishment for a Class B felony is five to fifteen years, or the same as the range of punishment on Counts 3 and 5. *See* Missouri Revised Statutes §558.011.1 (2). Petitioner was sentenced to 15 years' imprisonment on this count. [ECF No. 15-1] Because the state court subsequently vacated Petitioner's conviction and sentence on this count, any potential prejudice from the State's error is moot. [*See* ECF No. 15-3]

3

The court then recited all eight counts as set forth in the second substituted information and asked Petitioner "on these charges how do you plead?" [ECF No. 20 at 28] Petitioner answered "guilty." [ECF No. 20 at 28] At the court's request, Petitioner set forth the factual basis for each of the counts and the court accepted Petitioner's guilty pleas, finding they were freely and voluntarily entered with an understanding of the nature of the charges and the range of punishment. [ECF No. 20 at 32-35] The court deferred sentencing for the preparation and consideration of a sentencing assessment report. [ECF No. 20 at 35]

B.  Sentencing hearing

Two months later, the court held a sentencing hearing, during which the court heard oral arguments from the prosecutor and defense counsel. [ECF No. 21] The State recommended a life sentence on Count 1; fifteen years each on Counts 3, 5, and 7; and thirty years for each of the armed criminal action convictions in Counts 2, 4, 6, and 8. [ECF No. 21 at 10] Defense counsel argued for a 17-year sentence as recommended in the Sentencing Assessment Report (SAR) and for the court to impose concurrent sentences. [ECF No. 21 at 14-15]

Prior to announcing the sentence, the court asked Petitioner if there was any reason not to sentence him, and Petitioner stated "No." [ECF No. 21 at 20] The court then announced the following sentence: life in prison on Count 1 and fifteen years on each of the remaining counts, with all sentences to run concurrently. [ECF No. 21 at 21-25]

The court explained to Petitioner his right to seek post-conviction relief under Rule 24.035 and questioned him about his representation by counsel. [ECF No. 21 at 25-28] Petitioner expressed dissatisfaction with counsel's representation for receiving a life sentence. [ECF No. 21 at 28] Petitioner further asserted that counsel had not adequately investigated his case, and should have taken depositions of all the victims and sought reduction of the charges to lesser felonies. [ECF No. 21 at 29] Petitioner explained he did not understand why he was charged with Counts 3

4

through 8 and stated his belief that he did not deserve a life sentence. [ECF No. 21 at 29-31] The court concluded there was "no probable cause that you have not been effectively represented by counsel." [ECF No. 21 at 34]

C. Post-conviction proceedings

Petitioner filed a *pro se* motion for post-conviction relief (PCR) pursuant to Missouri Supreme Court Rule 24.035. [ECF Nos. 15-2 & 15-3] Through counsel, Petitioner filed an amended PCR motion, along with a request for an evidentiary hearing. [ECF No. 15-2 & 15-3] In his amended motion, Petitioner alleged his plea counsel provided ineffective assistance by: (1) erroneously advising Petitioner that the court would sentence Petitioner to no more than what was recommended in the SAR; (2) erroneously advising Petitioner that Counts 5 through 8 would be dismissed; (3) failing to advise Petitioner that the 180-day deadline for the disposition of an indictment under the Uniform Mandatory Disposition of Detainers Act (UMDDL) could be tolled instead of waived; and (4) failing to file a motion to dismiss Counts 3, 4, 7, and 8 because Petitioner had not shot at the victims named in those charges, A.P. Jr. and E.W., and, thus, had not committed those offenses. [ECF No. 15-2] Petitioner alleged that but for plea counsel's ineffectiveness he would not have pleaded guilty but would have proceeded to trial. [ECF No. 15-2]

The court conducted an evidentiary hearing on Petitioner's fourth claim and denied Petitioner's request for a hearing on his remaining claims. [ECF No. 22] The court granted Petitioner relief on his fourth claim, vacating Petitioner's convictions and sentences on Counts 3, 4, 7, and 8, finding Petitioner's guilty pleas on these counts were involuntarily, unknowingly, and unintelligently made due to plea counsel ineffectiveness. [ECF No. 15-3] The court found the evidence reviewed by counsel prior to the guilty plea demonstrated that Petitioner had not shot at the victims named in those counts and, thus, Petitioner had not committed those offenses. [ECF No. 15-3] The court denied Petitioner's remaining claims without an evidentiary hearing, finding

5

the record conclusively demonstrated he was not entitled to relief. Petitioner appealed the partial denial of the PCR motion, and the Court of Appeals affirmed. [ECF No. 15-7] Petitioner now seeks habeas relief before this Court.

## II.     Standard of Review

A prisoner in custody under the judgment and sentence of a state court may seek habeas relief on the grounds that his custody violates the United States Constitution. 28 U.S.C. §2254, *see also* 28 U.S.C. §§ 2241(c)(3), 2241(d). When considering a state prisoner's habeas petition, a federal court is bound by the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), see 28 U.S.C. § 2254(d), to exercise "only limited and deferential review of underlying state court decisions." *Nash v. Russell*, 807 F.3d 892, 897 (8th Cir. 2015) (internal quotation marks omitted) (quoting *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011)). A federal court may not grant habeas relief to a state prisoner unless a state court's adjudication on the merits of a claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

A state court decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if [it] decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an unreasonable application of clearly established federal law if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The test of reasonableness is an objective one. *Id.* at 409-10. When reviewing a matter under Section 2254(d)(1), a federal habeas court "is limited to the

6

record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Under section 2254(d)(2), a petitioner may obtain relief if the state court's rejection of his claim was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal habeas court must "accord the state trial court substantial deference" and will not supersede the state court's factual determination if "reasonable minds reviewing the record might disagree about the finding in question." *Brumfield v. Cain*, 576 U.S. 305, 314 (2015) (internal quotation marks omitted) (quoting *Wood v. Allen,* 558 U.S. 290, 301 (2010)). A state court's factual determination is not unreasonable "merely because [a] federal habeas court would have reached a different conclusion in the first instance." *Wood,* 558 U.S. at 301.

A state court's factual determination is presumed correct unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1). The presumption of correctness applies to the state court's factual determinations at either the trial or appellate levels, *Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008) (en banc), and to a state court's implicit findings of fact, *Grass v. Reitz*, 749 F.3d 738, 743 (8th Cir. 2014). Federal habeas courts defer to a state court's credibility determinations and grant habeas relief only if those determinations were objectively unreasonable based on the record. *Smulls,* 535 F.3d at 864.

### III.   Discussion

Petitioner presents three grounds in his habeas petition.  Petitioner claims that his guilty pleas were unknowing and involuntary because his plea counsel was ineffective for: (1) misadvising Petitioner that the court would sentence him in accordance with the recommendation in the SAR, (2) misadvising Petitioner that Counts 5 through 8 would be dismissed if he pleaded guilty, and (3) failing to advise Petitioner that he could have tolled, instead of waived, his right to

a speedy trial under the UMDDL until counsel was ready to proceed with trial. [ECF No. 1] Petitioner asserts that, absent plea counsel's deficient representation, he would not have pleaded guilty but would have proceeded to trial. [ECF No. 1] Respondent counters that the decisions of the State post-conviction motion court and the Missouri Court of Appeals rejecting the merits of Petitioner's grounds for relief were reasonable and entitled to deference under 28 U.S.C. § 2254(d). [ECF No. 15]

    A.  Ineffective assistance of plea counsel

The Sixth Amendment's guarantee of counsel is applicable to the States through the Fourteenth Amendment because it is a fundamental right and essential to a fair trial. *Gideon v. Wainwright*, 372 U.S. 335, 342-45 (1963). To establish an ineffective assistance of counsel claim, *Strickland* requires a showing by a petitioner that: (1) "counsel's performance was deficient," i.e., that "counsel's representation fell below an objective standard of reasonableness" under all the circumstances ("performance prong"), and (2) "the deficient performance prejudiced the defense" ("prejudice prong"). *Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984). A court need not address both prongs of the *Strickland* test if it finds the habeas petitioner has not established one of the prongs. *Strickland*, 466 U.S. at 697 ("there is no reason for a court deciding an ineffective assistance claim…to address both components of the inquiry if the [petitioner] makes an insufficient showing on one").

When a criminal case is resolved by a guilty plea instead of a trial, the Constitution requires that a defendant enter a plea knowingly, intelligently, and voluntarily, and with knowledge of "the relevant circumstances and likely consequences," because the plea constitutes a waiver of a defendant's right to a trial, right to confront accusers, and privilege against self-incrimination. *United States v. Brady*, 397 U.S. 742, 748 (1970). "The entry of a guilty plea . . . ranks as a 'critical stage' at which the right to counsel adheres." *Iowa v. Tovar*, 541 U.S. 77, 81 (2004). A plea is

8

intelligent and knowing when it follows advice of competent counsel, a defendant is advised of the nature of the charges against him, and nothing shows a defendant is "incompetent or otherwise not in control of his mental faculties." *Brady*, 397 U.S. at 756. "[A] defendant who pleads guilty upon advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) and *McMann v. Richardson*, 397 U.S. 759, 771 (1970))

*Strickland*'s two-pronged test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill*, 474 U.S. at 58. To prevail, a habeas petitioner must show that his counsel's performance was deficient, i.e., fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Id.* at 57-59.

As the Supreme Court has explained, under the AEDPA "[t]he pivotal question" for a federal habeas court reviewing an ineffective assistance of counsel claim that was subject to state court review on the merits, "is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is . . . difficult." *Id.* at 105. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,'… and when the two apply in tandem, review is 'doubly' so." *Id.* (internal citations omitted). Specifically, after a state court reviews the merits of an ineffective assistance of counsel claim, it is not sufficient for a federal habeas petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698–99 (2002). Instead, a federal habeas court "assess[es] the state courts' assessment of counsel's performance." *Barnes v.*

9

*Hammer*, 765 F.3d 810, 814 (8th Cir. 2014). Put another way, a federal habeas court views the ineffective assistance of counsel claim through two filters: first, the court defers to the judgments of trial counsel under *Strickland* and second, the court "defer[s] to the state courts' application of federal law to the facts of the case." *Shelton v. Mapes*, 821 F.3d 941, 946 (8th Cir. 2016) (citations omitted).

A federal habeas petitioner "must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell*, 535 U.S. at 699. "A state-court decision is 'unreasonable' within the meaning of § 2254(d) only when it is 'so lacking in justification that there [is] an error well understood an d comprehended in existing law beyond any possibility for fair[-]minded disagreement.'" *Daniels v. Kelley*, 881 F.3d 607, 611 (8th Cir. 2018) (quoting *Harrington*, 562 U.S. at 103) (alteration in original).

1. Ground One

In Ground One, Petitioner asserts his guilty pleas were involuntary based on plea counsel's ineffective assistance, in that counsel misadvised Petitioner that the court would sentence him to no more than that recommended in the SAR if he plead guilty. [ECF No. 1] Respondent counters that the state courts reasonably determined that Petitioner's claim was meritless, and that this Court should defer to the state courts' decisions and deny this ground for relief. [ECF No. 15] In his reply to Respondent's response to the Court's show cause order, Petitioner asserts he "would not have agreed with the sentencing court on the range of punishment had he known the sentencing court would not follow the SAR guidelines[,]" that the record demonstrates "Petitioner was confused and did not properly understand the questions presented to him," and that if he had been "properly informed by plea counsel Petitioner would not have plead guilty, and would have asked the [c]ourt to explain the terms of the guilty plea." [ECF No. 23]

10

Petitioner raised this claim in his motion for post-conviction relief, and the motion court denied Petitioner's claim. [ECF Nos. 15-2 & 15-3] The motion court found the record conclusively demonstrated that Petitioner was advised of the full range of punishment and that "the [c]ourt and the State could not have possibly explained more clearly to [Petitioner] that his plea could result in any sentence, up to the maximum of life in prison." [ECF No. 15-3] The motion court further found the record demonstrated that Petitioner denied being threatened or coerced into pleading guilty. [ECF No. 15-3]

On review, the Missouri Court of Appeals set forth the standard of ineffective assistance of counsel claims as established in *Strickland* and, as applied in the context of guilty pleas, in *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). The Missouri Court of Appeals reviewed the plea and sentencing hearing transcripts and cited considerable evidence that Petitioner entered the pleas knowingly and voluntarily. Specifically, the Court of Appeals found Petitioner stated during the plea hearing that: (1) he understood he was pleading guilty without a plea agreement with the State; (2) he faced punishments of ten to thirty years or life in prison on the Class A felony, five to fifteen years on the Class B felonies, and a minimum of three years on each count of armed criminal action; (3) he understood that the court would determine his sentence and could impose any sentence within the range of punishment on each charge; and (4) he understood the sentences for these charges could be imposed concurrently or consecutively in the court's discretion. [15-7] Petitioner also advised the court that counsel did everything Petitioner asked of him, that he had no complaints and was satisfied with counsel's services, and that no one had promised him anything in exchange for his guilty pleas. [ECF No. 15-7] The Missouri Court of Appeals further concluded that, even if plea counsel did erroneously advise Petitioner that he would be sentenced in accordance with any recommendation in the SAR, the plea court "thoroughly disabused [Petitioner] of any [alleged] preconceived notions regarding the consequences of [his] guilty

11

plea[s]" and that Petitioner's dissatisfaction with the sentence he received did not render is guilty plea involuntary. [ECF No. 15-7 at 6-7]

Upon review of the record, the Court concludes that the Missouri Court of Appeals properly applied *Strickland* and determined Petitioner failed to satisfy his burden of demonstrating that defense counsel's performance fell outside the range of reasonable professional assistance or that he was prejudiced by defense counsel's alleged deficient representation. The Missouri Court of Appeals' conclusion that defense counsel was not ineffective was neither contrary to, nor an unreasonable application of, *Strickland*, and was not based upon an unreasonable determination of the facts based on the record. Accordingly, Petitioner's Ground One is denied.

2. Ground Two

In his second ground for relief, Petitioner contends his guilty plea was involuntary based on plea counsel's ineffective assistance in that counsel erroneously advised Petitioner that the State would dismiss Counts 5 and 6 if he plead guilty.[3] Respondent contends the Missouri Court of Appeals' determination denying Petitioner's claim on the merits was reasonable and is entitled to deference. [ECF No. 15]  In his reply, Petitioner claims the record does not refute his claim for relief because "at the plea hearing, the state announced the charges after the court asked it to, 'please review for the defendant the nature and elements of the charges brought against him, the range of punishment, and the recommendation of the state." [ECF No. 23] Petitioner asserts the plea court "did not ask the state to recite the charges to which Petitioner was pleading guilty" and

---

[3] In his petition, Petitioner argues plea counsel advised him the State was also going to dismiss Counts 7 and 8. [ECF No. 1] Respondent argues that Petitioner's claim with respect to Counts 7 and 8 is moot and that Petitioner is unable to fulfill the "in custody" requirement for challenging a conviction under 28 U.S.C. § 2254(a) because his convictions on these counts were vacated by the post-conviction court. [ECF No. 15] In his reply, Petitioner acknowledges that his claim with respect to Counts 7 and 8 is moot. Accordingly, the Court does not address Petitioner's argument with respect to these counts.

12

that "[h]ad the court asked the state to recite the charges to which Petitioner was pleading guilty, he would not have plead guilty[.]" [ECF No. 23]

Petitioner raised this claim in post-conviction motion and the motion court denied the claim finding Petitioner's allegations were refuted by the record. [ECF No. 15-3] Specifically, the motion court concluded the record demonstrated the State explained that: (1) Petitioner was "entering a plea of guilty" to the eight counts in the information, (2) there was no plea agreement for any counts to be dismissed, and (3) Petitioner testified at the plea hearing that he was not promised anything in order to obtain his guilty plea.  [ECF No. 15-3]

On review, the Missouri Court of Appeals applied the *Strickland* standard to Petitioner's claim of error, and concluded that the record conclusively refuted Petitioner's claim that plea counsel advised Petitioner that the State would dismiss Counts 5 and 6 if Petitioner pleaded guilty. [ECF No. 15-7 at 7] The Missouri Court of Appeals correctly observed that, at the plea hearing, the State recited the factual basis of each charge Petitioner was pleading guilty to, and Petitioner advised the plea court that he understood that he did not have a plea agreement with the State and that no one had promised him anything in exchange for his pleas. [ECF No. 15-7 at 8] Immediately prior to entering his guilty pleas, the plea court, again, set forth all eight charges to which Petitioner was pleading guilty. [ECF No. 15-7 at 8] The Missouri Court of Appeals found that Petitioner's responses to the court's inquiries at the plea hearing refuted Petitioner's contention that plea counsel advised him that certain charges would be dismissed in exchange for his guilty plea. [ECF No. 15-7 at 8] The Missouri Court of Appeals further concluded that, even assuming plea counsel misadvised Petitioner, Petitioner's reliance on this representation would not be reasonable in light of the State and the plea court's representation of the charges against Petitioner and his affirmation that he was pleading guilty to those charges. [ECF No. 15-7 at 8-9]

13

Upon review of the record, the Court concludes that the Missouri Court of Appeals properly applied *Strickland* and its determination that defense counsel did not provide ineffective assistance by allegedly misadvising Petitioner that some of the charges against him would be dismissed in exchange for his plea of guilty and its analysis was neither contrary to, nor an unreasonable application of, clearly established federal law. In addition, the Missouri Court of Appeals' decision based on an unreasonable determination of the facts in the light of the record. Accordingly, Petitioner's Ground Two is denied.

  3.  Ground Three

In his third ground for relief, Petitioner claims his plea was involuntary based on plea counsel's ineffective assistance because counsel failed to advise Petitioner that he could toll the deadline under the UMDDL until counsel was prepared to go to trial instead of waiving his right to a speedy trial under the Act. [ECF No. 1] Respondent counters that the State court's determination on this issue was reasonable, and entitled to deference under Section 2254(d). [ECF No. 15]  In his reply, Petitioner claims that "[h]ad plea counsel properly informed Petitioner, he would have tolled the one-hundred-eighty day [deadline], and asked the Court for an extension of time so counsel could prepare for trial." [ECF No. 23] Moreover, Petitioner reiterates that he "only plead guilty because plea counsel promised him that he would be sentenced according to the recommendation in the SAR[.]" [ECF No. 23]

Petitioner raised this claim in his post-conviction motion, and the motion court denied relief. [ECF Nos. 15-2, 15-3] The motion court found Petitioner did "not make any convincing argument to support [his] assertion that his ultimate plea of guilty was rendered involuntary" because Petitioner made or joined in numerous requests for continuances and the argument "presupposed that the State could not have been ready for trial within 180 days." [ECF No. 15-3]

14

Upon review, the Missouri Court of Appeals applied the *Strickland* standard and found the record refuted Petitioner's contention that he pleaded guilty based on plea counsel's failure to advise Petitioner that he could toll the UMDDL's deadline. [ECF No. 5-7 at 10] The Missouri Court of Appeals concluded the plea court reviewed with Petitioner his trial rights, including specifically advising Petitioner about his right to "a speedy and public trial," and confirmed that Petitioner understood that he was waiving those rights by pleading guilty. [ECF No. 15-7 at 10] The Missouri Court of Appeals determined that whether Petitioner "knew his right to a speedy trial could have been tolled rather than waived if he sought a jury trial does not affect the voluntariness of his guilty pleas because the record shows [Petitioner] understood he was waiving his right to a jury trial – speedy, tolled, or otherwise—by pleading guilty." [ECF No. 15-7 at 11]

Upon review of the record, the Court finds that the Missouri Court of Appeals properly applied *Strickland*'s ineffectiveness standard to Petitioner's claim. The Court finds the Missouri Court of Appeals' determination that defense counsel did not provide ineffective assistance by failing to advise Petitioner that he could toll his rights under the UMDDL was neither contrary to, nor an unreasonable application of, clearly established federal law.  Nor was the Missouri Court of Appeals' decision based on an unreasonable determination of the facts in the light of the record. Accordingly, Petitioner's Ground Three is denied.

### IV.     Certificate of appealability

A final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court cannot be appealed unless the judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1).  A judge may issue a COA under Section 2253(c) only if a petitioner has made "a substantial showing of the denial of a constitutional right." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  This standard requires a petitioner to demonstrate, with respect to claims resolved

15

on the merits, that "reasonable jurists would find the ... court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *accord Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484).

The Court concludes that Petitioner has not made a substantial showing of the denial of any constitutional right. Accordingly, the Court will not issue a certificate of appealability with respect to any aspect of the denial of Petitioner's petition.

### V.     Conclusion

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability

A separate judgment in accordance with this Memorandum and Order is entered this same date.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of August, 2025